# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **NORBERT V. PINZON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 16-2106-JES |
| | ) |
| **DEPARTMENT OF CORRECTIONS,** | ) |
| **WARDEN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**JAMES E. SHADID, U.S. Chief District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Norbert V. Pinzon's Complaint.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Pinzon is an inmate within the Illinois Department of Corrections ("IDOC"). During the relevant time, Pinzon was housed the Danville Correctional Center ("Danville"). Since filing this suit, Pinzon has been transferred to the Pinckneyville Correctional Center ("Pinckneyville").

Pinzon alleges that the roof at Danville leaked. Pinzon claims that, even though he changed cells several times, the roof always leaked in whatever cell he was placed. Pinzon claims that, as a result, he got wet and that the leaking roof violated his right to be free from cruel and unusual punishment under the Eighth Amendment and his Due Process rights under the Fourteenth Amendment.

Pinzon's Complaint fails to state a claim upon which relief can be granted. Initially, the Court notes that Pinzon cannot obtain injunctive relief because he is no longer being housed at Danville. *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996)(holding that a transfer to another institution moots prisoner's request for injunctive relief unless he makes a showing that he will likely be transferred to that first institution).

Moreover, Pinzon's Complaint fails to state a claim because he has failed to allege that he suffered any damages as a result of the leaking roof. Pinzon alleges that he got wet when the roof leaked.

However, the Constitution does not concern itself with trifles. *American Jewish Congress v. City of Chicago,* 827 F.2d 120, 132 (7th Cir. 1987)(Easterbrook, J. dissenting). Indeed, the United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as an infliction of punishment." *Id*. at 838. Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985). "[M]ere negligence or even gross negligence does not constitute deliberate indifference," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

In the instant case, Pinzon has failed to allege sufficiently that the conditions of his confinement at Danville were such that they violated his constitutional rights. "[R]outine

discomfort is part of the penalty that criminal offenders pay for their offenses against society," and so, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(internal quotations omitted). In fact, "the Constitution . . . does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). If prison conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 349 (1981). Thus, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." *Id*. at 347; *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992)(objective component met where prison conditions were "so strikingly reminiscent of the Black Hole of Calcutta"); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988)(holding that prisoners cannot expect the "amenities, conveniences, and services of a good hotel.").

A leaking roof does not rise to this level, especially where, as here, Pinzon alleges that officials at Danville moved him to different cells in order to avoid the leaks. Accordingly, Pinzon's Complaint fails to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because his claim is not cognizable. All pending motions are denied as moot.

2. This dismissal shall count as one of the Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

**4. This case is, therefore, closed, and the Clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.**

ENTERED this 27th day of September, 2016

_____/s James E. Shadid_____
JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE